UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Kathleen Cline,

Plaintiff,

vs. MINUTE ORDER

Clay County; Clay County Sheriff Larry Costello, in his individual and official capacity; Clay County Commissioners Michael McCarthy, Ben Brunsvold, Casey Brantner, Jon Evert, and Jerry Waller, in their individual and official capacities; Clay County Administrator ViJay Sethi, in his individual and official capacity; and Clay County Attorney Lisa Borgen, in her individual and official capacity,

Defendants. Civ. No. 01-2239 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 15th day of October, 2002.

* * *

On September 26, 2002, the Court heard argument on the Defendant Larry Costello's ("Costello's") Motion to Compel, and on the Plaintiff's Motion to Compel. At the time of the Hearing, the Plaintiff appeared by James H. Kaster, Esq.; Costello appeared by Ann R. Goering; the Defendant Ben Brunsvold ("Brunsvold") appeared by James R. Andreen, and the remaining Defendants appeared by Jon K. Iverson. For reasons which follow, we deny Costello's Motion to

OCT 15 2002

Compel, and we direct the parties to "meet and confer" on the issues which the Plaintiff has raised, given the guidance provided at the Hearing.

This is an action by the Plaintiff seeking damages allegedly caused by Costello's sexual harassment of her. Costello denies that his actions caused any of the alleged damages. A detailed recounting of the factual background of the action is unnecessary to our consideration of the parties' Motions and, instead, we turn to the specific matters in dispute.

Costello seeks to compel the Plaintiff to sign an authorization to release her medical records, and to compel the production of an audio recording of a conversation between the Plaintiff and Costello, which was allegedly recorded by the Plaintiff, in September of 2000. At the Hearing on the Motion, counsel represented that this dispute had been resolved, and that a stipulation had been entered, whereby some of the requested material would be produced. Consequently, Costello withdrew his Motion and, accordingly, we deny the Motion for mootness.

In her Motion, the Plaintiff sought to compel the production of certain documents that she had previously requested in a Subpoena duces tecum served upon Brunsvold. Brunsvold objected to the Plaintiff's request on the basis of the Minnesota Government Data

Practices Act (the "Act"),[1] but agreed to produce the requested data if we issued a Protective Order, which would absolve Brunsvold from liability under the Act. Brunsvold produced a list of docu-

---

[1]The Minnesota Legislature, through enactment of the Act, bestowed upon Minnesota residents certain guaranteed privacy rights, as well as remedial mechanisms for the enforcement of those rights. The Act reads, in relevant part:

> If a state agency, political subdivision, or statewide system opposes discovery of government data or release of data pursuant to court order on the grounds that the data are classified as not public, the party that seeks access to the data may bring before the appropriate presiding judicial officer, arbitrator, or administrative law judge an action to compel discovery or an action in the nature of an action to compel discovery.
>
> The presiding officer shall first decide whether the date are discoverable or releasable pursuant to the rules of evidence and of criminal, civil, or administrative procedure appropriate to the action.
>
> If the data are discoverable the presiding officer shall decide whether the benefit to the party seeking access to the data outweighs any harm to the confidentiality interests of the agency maintaining the data, or of any person who has provided the data or who is the subject of the data, or the privacy interest of an individual identified in the data. In making the decision, the presiding officer shall consider whether notice to the subject of the data is warranted and, if warranted, what type of notice must be given. The presiding officer may fashion and issue any protective orders necessary to assure proper handling of the data by the parties.

Minnesota Statutes Section 13.03, Subdivision 6.

ments, in which he divided the documents into three categories: Category A contains "Documents Possibly Responsive to Subpoena Without Privilege or Protection;" Category B contains, "Documents Containing Non-Public Data Under Data Practices Act;" and Category C contains a "List of Documents Pursuant to Fed. R. Civ. P. 26(b)(5) Protected By Attorney/Client And Work Product Privilege." See Response to Plaintiff's Subpoena Duces Tecum, Attachment 1 to Plaintiff's Memorandum, Ex. A, B, and C.

The parties requested that we review, in camera, the documents to determine whether the documents are privileged, and to balance the privacy interests pursuant to the Act. However, we limit our review to those documents which remain in contest, if any, after the parties' "meet and confer." Consequently, we direct counsel for Clay County -- which has possession of the documents and owes the duty of privacy -- to review of the documents, after which the parties should "meet and confer," in an effort to resolve this dispute. We also direct, at this time, that all the documents listed in Category A should be produced, unless otherwise privileged, and that the documents in Categories B and C be submitted for in camera review if their privileged status remains in dispute.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendant Costello's Motion to Compel [Docket No. 25] is DENIED as moot.

2. That the Plaintiff's Motion to Compel [Docket No. 28] is taken under advisement, **until 1:00 o'clock p.m., on October 11, 2002.**

3. That, **prior to 1:00 o'clock p.m., on October 11, 2002,** Counsel for the Defendant Clay County is directed to conduct a review of the requested documents, after which the parties should "meet and confer" concerning the documents identified in the Defendant Brunsvold's document log.

4. That, following the "meet and confer," the parties are to promptly, and jointly, advise the Court of the status of any remaining discovery dispute.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE