UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Kathleen Cline,

Plaintiff,

vs. MINUTE ORDER

Clay County; Clay County Sheriff Larry Costello, in his individual and official capacity; Clay County Commissioners Michael McCarthy, Ben Brunsvold, Casey Brantner, Jon Evert, and Jerry Waller, in their individual and official capacities; Clay County Administrator ViJay Sethi, in his individual and official capacity; and Clay County Attorney Lisa Borgen, in her individual and official capacity,

Defendants. Civ. No. 01-2239 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 30th day of October, 2002.

* * *

By Minute Order of October 15, 2002, the Court directed counsel for the parties to "meet and confer" with respect to voluminous discovery documents, which are in the possession of the Defendant Clay County ("Clay County"), and which are claimed, by Clay County, to contain "not public data" within the meaning of the Minnesota Government Data Practices Act, Minnesota Statutes Section 13.03, Subdivision 6. In addition, Clay County has asserted that

OCT 30 2002
... TTEN, CLERK
... D

certain of the documents are subject to the attorney-client or work product privileges, or are irrelevant to these proceedings.

By letter dated October 23, 2002, Clay County advised that certain of the subject documents had been produced to all of the parties, others were produced to one or more of the parties, and others had not been produced, but would be subject to an appropriate Court Order. In pertinent part, Section 13.02, Subdivision 6, provides as follows:

> If the data are discoverable the presiding officer shall decide whether the benefit to the party seeking access to the data outweighs any harm to the confidentiality interests of the agency maintaining the data, or of any person who has provided the data or who is the subject of the data, or to the agency interest of any individual identified in the data. In making the decision, the presiding officer shall consider whether notice to the subject of the data is warranted and, if warranted, what type of notice must be given. The presiding officer may fashion and issue any protective orders necessary to assure proper handling of the data by the parties.

Given this statutory guidance, we have closely reviewed, in camera, the documents that Clay County has tendered for that purpose. Of those documents, we find that those which have been identified by Bates Nos. 20450 through 20451, 20458, 30001 through 30025, 30066 through 30125, and 40003 through 40004, are protected by the attorney-client and/or attorney work product privileges, and need not be disclosed.

As to Clay County's relevance objections, our review satisfies us that, if the document favors the County, or its officers, in some manner, then no relevancy objection is raised, whereas, if the document suggests some criticism of the County, or its officers, then the document is viewed as irrelevant. While the relevance of certain of the documents appears somewhat attenuated, we cannot conclude, on the Record presented, that the information would not be relevant to a claim, or a defense, of one party or another. See, Rule 26(b)(1), Federal Rules of Civil Procedure ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party * * *"). Accordingly, we overrule the objections on relevance grounds.

Clay County proposes that the Court enter a Protective Order, as contemplated by Section 13.03, Subdivision 6. We find that the probative value of the information contained in the subject documents outweighs any harm to the confidentiality interests of the agency maintaining the data, or of any person who has provided the data or who is the subject of the data, or to the privacy interest of an individual identified in the data. Nevertheless, those confidentiality and privacy interests are sufficiently substantial as to warrant the entry of a Protective Order that will assure that the data disclosed will not be subject to publication, or further disclosure, without practical restraints. In the first instance,

we leave to the parties the task of drafting such a Protective Order, and direct that, forthwith, they "meet and confer" so as to propose a Protective Order, for the Court's review, within one week after the date of this Order.

Lastly, in order to preserve the status quo, Clay County need not disclose the data that we have identified as being subject to production until they have exhausted any appeal they wish to take from this Order, and have received a Protective Order executed by the Court. Accordingly, if no appeal is to be taken, by any of the parties, then the referenced data shall be produced on the latter of the date on which the appeal period pertinent to this Order has been exhausted, or the date on which the Court executes a Protective Order.[1]

---

[1]The Plaintiff, and Clay County, have requested the Court to grant certain relief with respect to a Subpoena duces tecum that the Plaintiff has served upon DeAnn Pladson ("Pladson"), who is an attorney practicing in the Fargo, Minnesota, and who was retained by Clay County in order to investigation the Plaintiff's allegation, that she had been sexually harassed by the Defendant Larry Costello. Both parties have related that Pladson has retained personal counsel in order to respond to the Subpoena. The Plaintiff asks that we extend her deadline, for the disclosure of expert witness opinion evidence, because Pladson has not produced the documents responsive to the Subpoena. In turn, Clay County asks that we "issue an Order directing [Pladson's] entire file be produced, even the private data, subject to an appropriate Protective Order." We presume, without knowing, that the subject Subpoena issued from a State or Federal Court in North Dakota, which has jurisdiction over the person of Pladson. Absent some showing to the contrary, such personal jurisdiction does not lie in this (continued...)

NOW, THEREFORE, It is --

ORDERED:

That the informal Motion of the Defendant Clay County for a Protective Order, pursuant to Minnesota Statutes Section 13.03, Subdivision 6, is GRANTED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

---

[1](...continued)
Court. We understand that the parties have scheduled a Hearing on their respective interests in Pladson's documents, and we offer the foregoing to alert them to a significant, threshold issue of jurisdiction. See, Rule 45(c)(1) and (3); In re Digital Equipment Corp., 949 F.2d 228, 231 (8th Cir. 1991).

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.