UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Kathleen Cline,

Plaintiff,

vs. MINUTE ORDER

Clay County; Clay County Sheriff Larry Costello, in his individual and official capacity; Clay County Commissioners Michael McCarthy, Ben Brunsvold, Casey Brantner, Jon Evert, and Jerry Waller, in their individual and official capacities; Clay County Administrator ViJay Sethi, in his individual and official capacity; and Clay County Attorney Lisa Borgen, in her individual and official capacity,

Defendants. Civ. No. 01-2239 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 6th day of November, 2002.

* * *

On November 5, 2002, the Court heard argument on the Motions of the Plaintiff to Compel, and to Amend the Scheduling Order. At the time of the Hearing, the Plaintiff appeared by James H. Kaster, Esq.; the Defendant Larry Costello ("Costello") appeared by Ann R. Goering, Esq.; the Defendant Ben Brunsvold ("Brunsvold") appeared by James R. Andreen, Esq.; and the remaining Defendants appeared by Jon K. Iverson, Esq. For reasons which follow, we grant, in part,

NOV 06 2002
CLERK
J.A.

the Plaintiff's Motion to Compel, and we also grant the Plaintiff's Motion to Amend the Scheduling Order.

In this action, the Plaintiff seeks damages allegedly caused by Costello's purported sexual harassment of her. Costello denies any harassment, as well as denying that he caused any of the Plaintiff's claimed damages. A detailed recounting of the factual background of the action is unnecessary to our consideration of the Plaintiff's Motions and, instead, we turn to the specific matters in dispute.

The Plaintiff seeks to compel discovery of documents in the possession of Clay County, and Brunsvold, who is one of Clay County's Commissioners. The Plaintiff's Motion was filed on October 22, 2002, which was eight days prior to our issuance of our Order of October 30, 2002, that resolved the discovery disputes which related to the documents in the possession of both Clay County, and Brunsvold. Nonetheless, at the Hearing on the Motion, counsel for the Plaintiff maintained that the Plaintiff has not, as yet, received any documents from Clay County, or Brunsvold. We decline, however, to take further action as to those documents until the conditions precedent to production, as delineated in our prior Order, have been satisfied.

In addition, the Plaintiff maintained that she has not received a formal response to the Plaintiff's Request for Documents.

Although the County advised that, in its view, a written response was served, we find that the Plaintiff is entitled to a formal record of which documents have been produced by the County, and which documents have been withheld, or are unavailable to the County, as the Plaintiff maintains that such an identification has not been received to date.. Accordingly, we direct that Clay County formally respond to the Plaintiff's Document Requests.

The Plaintiff also seeks to compel discovery of documents in the possession of the Maring Williams Law Office, which conducted an investigation of the Plaintiff's charges against Costello. At the time of the Hearing, however, the parties represented that this aspect of their dispute had been resolved and, therefore, we deny, as moot, the Plaintiff's Motion as to documents in the possession of the Maring Williams Law Office.

Next, the Plaintiff seeks disclosure of those medical records, which relate to Costello's alleged back injury, and argue that Costello placed his back injury into controversy, by alleging, in his Answer to the Plaintiff's Complaint, that he was unable to physically force the Plaintiff to do anything against her will, because the Plaintiff holds a black belt in the martial arts, and because of his disabling back injury. Given this assertion of an affirmative defense, which is predicated on Costello's claimed back disability, that specific disability has been voluntarily drawn, by

Costello, into controversy. Here, we do not deal with a compelled response to questioning, on Costello's part, but rather, we confront Costello's willful election to defend against certain of the Plaintiff's claims by asserting a physical disability. Thus, we grant the Plaintiff's Motion to Discover in this respect, and we direct Costello to sign authorizations to release medical records that specifically relate to his back condition.

Costello has also challenged the scope of the medical records which should be reviewed by the Plaintiff. By every appearance, the allegation, to which Costello responded by alleging that his back injury prevented him from using force against the Plaintiff, was the contention that Costello forced the Plaintiff to have intimate relations with him in a hotel room in Marshall, Minnesota, -- an incident that the Plaintiff refers to as the "Marshall incident." As a consequence, Costello has placed into controversy his back at the time of the Marshall incident. The current condition of Costello's back has no relevance to this litigation and, therefore, we limit the scope of the disclosure, concerning Costello's back condition, to those records which pertain to Costello's alleged back condition from one year prior to the Marshall incident, until one year after the conclusion of the asserted physical relationship between the Plaintiff and Costello.

The Plaintiff also seeks to Amend the Scheduling Order by extending the deadlines set in the Order by three months. Currently, the deadlines are as follows:

> 11/01/02 - Plaintiff to disclose expert witnesses.
>
> 12/01/02 - Defendants to disclose expert witnesses.
>
> 01/01/03 - Deadline to complete discovery.
>
> 02/01/03 - Nondispositive motion deadline.
>
> 05/01/03 - Dispositive motion deadline.
>
> 05/01/03 - Ready for Trial ("RFT") date.

We are satisfied that the current state of the pretrial processing of this case to Trial, for reasons outside of the parties' total control, requires an extension of the deadlines set in the Scheduling Order by a period of no more than two months. Thus, we grant the Plaintiff's Motion to Amend the Scheduling Order as follows:

> 01/01/03 - Plaintiff to disclose expert witnesses.
>
> 02/01/03 - Defendants to disclose expert witnesses.
>
> 03/01/03 - Deadline to complete discovery.
>
> 04/01/03 - Nondispositive motion deadline.
>
> 06/01/03 - Dispositive motion deadline.
>
> 06/01/03 - RFT date.

Absent compelling cause, we are not disposed to further extend the deadlines in this action, and the parties are cautioned to use planning and dispatch so as to maximize the taking of depositions, with a minimum of expense and inconvenience to all concerned.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motions to Compel, and to Amend the Scheduling Order [Docket No. 39] are GRANTED, in part.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE