UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kathleen Cline,

Plaintiff,

v.

Clay County; Clay County Sheriff Larry Costello, in his individual and official capacity; Clay County Commissioners Michael McCarthy, Ben Brunsvold, Casey Brantner, Jon Evert, and Jerry Waller, in their individual and official capacities; Clay County Administrator Vijay Sethi, in his individual and official capacity; and Clay County Attorney Lisa Borgen, in her individual and official capacity,

Defendants.

Court File No. 01-CV-2239 MJD/RLE

**ORDER**

---

Pursuant to Plaintiff's Motion to Compel Discovery and to Amend the Scheduling Order which came on for hearing before the undersigned, the Honorable Raymond L. Erickson, on November 5, 2002 at 11:00 a.m., Defendants and the Marin Williams Law Office were required to produce to the Court for review all documents responsive to Plaintiff's discovery requests which contained non-public data. The Court has reviewed these documents and hereby Orders that all documents produced by Defendants and the Marin Williams Law Office are discoverable and should be produced to Plaintiff forthwith, subject to the following Protective Order:

**PROTECTIVE ORDER**

A. All documents responsive to Plaintiff's discovery requests which contain non-public data shall be released to Plaintiff immediately.

NOV 08 2002

JH.

B. The non-public data defined above may also be released only to:

(1) Plaintiff and Defendants, their attorneys of record and their employees who must be shown the non-public data for purposes of this litigation;

(2) representatives of Meadowbrook Insurance Group and the Minnesota Counties Insurance Trust;

(3) the Court;

(4) outside consultants and experts retained by the parties for the purpose of assisting in the preparation for trial, settlement or mediation of this case;

(5) witnesses who will testify at trial, depositions or other proceedings;

(6) any individual to whom all of the parties have consented to assist in mediation of this dispute.

C. Before making disclosure of the non-public data, any individual identified in clauses 4-6 must be informed by the person disclosing the non-public data of the existence of this Protective Order and the individual must agree in writing to be bound by the Order.

D. No part of the non-public data shall be used or communicated by any person receiving it for any purpose other than preparation for or participation in discovery, trial, motions, mediation or settlement of this matter.

E. There shall be no reproduction whatsoever of the non-public data except that as required for the purposes specified in this Order. Copies, excerpts or summaries may be shown or given to those authorized to receive the data as specified by this Order.

F. If the non-public data is referred to by parties in depositions, those portions of the depositions in which the non-public data is referenced shall be designated as "confidential" and subject to the Protective Order.

G. If the non-public data or information derived therefrom (including portions of deposition transcripts) are to be included in any papers to be filed in the court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the court.

H. Nothing in this Order shall prevent any party or non-party from seeking a modification of this Order or objecting to discovery which it believes to be otherwise improper. If any other Court of competent jurisdiction deems the non-public data, or any portion thereof, public or authorizes the public disclosure of the data, or any portion thereof, the parties shall be relieved of the restrictions of the Protective Order, but only as to the portion of the non-public data held to be public or authorized to be disclosed by said court.

I. The provisions of this Order shall not be construed as in any manner limiting the introduction of evidence at trial in this matter. All documents produced through discovery may be introduced at trial consistent with the Federal Rules of Evidence and/or the Laws of the United States or the State of Minnesota.

J. It is understood and agreed that this Protective Order is entered without prejudice to the party's future characterization of the non-public data, future rights to access the non-public data, and any requests for judicial determination of the legal status of said non-public data.

K. Upon termination of this litigation, counsel shall return all copies of the non-public data and all excerpts thereof, to the party's attorney from whom it was received.

L. The provisions of this Protective Order constitutes an order of this court and is one made pursuant to Minn. Stat. § 13.08, subd. 5.

Dated: 11-8-02

Raymond L. Erickson
Raymond L. Erickson
United States Magistrate Judge

**AFFIDAVIT OF SERVICE BY UNITED STATES MAIL**
**Court File No. 02-2239 MJD/RLE**

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

**Kathleen K. Cline v. Clay County, et al**

Karla Geving, being duly sworn, deposes and says on oath that on the 22nd day of October, 2002, she served the attached documents:

1. Notice of Motion and Motion;
2. Plaintiff's Memorandum of Law in Support of Motion to Compel Discovery, for Contempt, and to Amend the Scheduling Order;
3. Affidavit of Nicholas G.B. May;
4. First Proposed Order; and
5. Second Proposed Order.

upon the following:

Jon Iverson
Iverson & Reuvers, LLC
8585 West 78th Street
Bloomington, MN 55438

Ann R. Goering
Ratwik, Roszak & Maloney, PA
730 Second Avenue South, Suite 300
Minneapolis, MN 55402

James Andreen
Erstad & Riemer, PA
200 Riverview Office Tower
8009 34th Avenue South
Minneapolis, MN 55425

by arranging for the deposit of a true and correct copy thereof in a sealed envelope duly addressed to the above, postage pre-paid, by United States mail at Minneapolis, Minnesota.

[signature]
Karla Geving

Subscribed and sworn to before me
this 22nd day of October, 2002.

[signature: Shirley J. Munson]
Notary Public

SHIRLEY J. MUNSON
NOTARY PUBLIC - MINNESOTA
My Commission Expires 01-31-05