UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kathleen Cline,

Plaintiff,

v.

Clay County; Clay County Sheriff Larry Costello, in his individual and official capacity; Clay County Commissioners Michael McCarthy, Ben Brunsvold, Casey Brantner, Jon Evert, and Jerry Waller, in their individual and official capacities; Clay County Administrator Vijay Sethi, in his individual and official capacity; and Clay County Attorney Lisa Borgen, in her individual and official capacity,

Defendants.

Court File No. 01-CV-2239 MJD/RLE

**ORDER**

---

Pursuant to the Federal Rules of Civil Procedure, the parties in the above matter have conducted discovery and have produced certain documents and records under an oral protective order issued by the undersigned on September 26, 2002. As many of the documents produced in this matter fall within the protections of Minnesota's Data Practices Act, and because the parties agree that certain other information produced should be treated as confidential under this Order, the Court hereby makes the following Order for Protection:

**PROTECTIVE ORDER**

A. Any party to this proceeding has the right to designate material as confidential pursuant to this Order by so indicating when the discovery is produced.

NOV 1 2 2002

JH

B. Any non-public data produced in discovery in this case shall be treated pursuant to the terms of this protective order.

C. Confidential material and non-public data may be released only to:

(1) Plaintiff and Defendants, their attorneys of record and their employees who must be shown the non-public data for purposes of this litigation;

(2) representatives of Meadowbrook Insurance Group and the Minnesota Counties Insurance Trust;

(3) the Court;

(4) outside consultants and experts retained by the parties for the purpose of assisting in the preparation for trial, settlement or mediation of this case;

(5) witnesses who will testify at trial, depositions or other proceedings;

(6) any individual to whom all of the parties have consented to assist in mediation of this dispute.

D. Before making disclosure of the confidential material or non-public data, any individual identified in clauses 4-6 must be informed by the person disclosing the non-public data of the existence of this Protective Order and the individual must agree in writing to be bound by the Order.

E. No part of the confidential material or non-public data shall be used or communicated by any person receiving it for any purpose other than preparation for or participation in discovery, trial, motions, mediation or settlement of this matter.

F. There shall be no reproduction whatsoever of the confidential material or non-public data except that as required for the purposes specified in this Order. Copies, excerpts or

summaries may be shown or given to those authorized to receive the data as specified by this Order.

G. If the confidential material or non-public data is referred to by parties in depositions, those portions of the depositions in which the non-public data is referenced shall be designated as "confidential" and subject to the Protective Order.

H. If the confidential material or non-public data or information derived therefrom (including portions of deposition transcripts) are to be included in any papers to be filed in the court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the court.

I. Nothing in this Order shall prevent any party or non-party from seeking a modification of this Order or objecting to discovery which it believes to be otherwise improper. If any other Court of competent jurisdiction deems the confidential material or non-public data, or any portion thereof, public or authorizes the public disclosure of the data or material, or any portion thereof, the parties shall be relieved of the restrictions of the Protective Order, but only as to that portion of the confidential material or non-public data held to be public or authorized to be disclosed by said court.

J. The provisions of this Order shall not be construed as in any manner limiting the introduction of evidence at trial in this matter. All documents produced through discovery may be introduced at trial consistent with the Federal Rules of Evidence and/or the Laws of the United States or the State of Minnesota.

K. It is understood and agreed that this Protective Order is entered without prejudice to the party's future characterization of the confidential material or non-public data, future rights

to access the data or material, and any requests for judicial determination of the legal status of said data or material.

L. Upon termination of this litigation, counsel shall return all copies of the confidential material or non-public data and all excerpts thereof, to the party's attorney from whom it was received.

M. The provisions of this Protective Order constitutes an order of this court and is one made pursuant to Minn. Stat. § 13.08, subd. 5.

Dated: 11/12/02

Raymond L. Erickson
United States Magistrate Judge