UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Kathleen Cline,

Plaintiff,

vs. ORDER

Clay County; Clay County Sheriff Larry Costello, in his individual and official capacity; Clay County Commissioners Michael McCarthy, Ben Brunsvold, Casey Brantner, Jon Evert, and Jerry Waller, in their individual and official capacities; Clay County Administrator ViJay Sethi, in his individual and official capacity; and Clay County Attorney Lisa Borgen, in her individual and official capacity,

Defendants. Civ. No. 01-2239 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 18th day of April, 2003.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Motions of the Defendant Larry Costello ("Costello") for a Protective Order, for attorney fees, and for costs; the Motions of the

APR 18 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK mjb

90

Defendants Clay County, Michael McCarthy, Casey Brantner, Jon Evert, Jerry Waller, Vijay Sethi, Terry Jacobson, and Lisa Borgen, to Quash, and for Protective Order; and the Plaintiff's Motions to Compel Costello's Independent Medical Examination ("IME"), to Compel the production of documents and tangible things, to Amend the Complaint, to hold the Defendants in Contempt of Court, to lift the current Protective Order and unseal the file, and to change venue.

A Hearing on the Motions was conducted on February 6, 2003, at which time, the Plaintiff appeared by James H. Kaster and Diane M. Odeen, Esqs.; Costello appeared by Ann R. Goering, Esq.; the Defendant Ben Brunsvold ("Brunsvold") appeared by James R. Andreen, Esq.; and the remaining Defendants appeared by Jon K. Iverson, Esq.

For reasons which follow, the Defendants' Motions are denied, except to the extent that we grant, in part, the Motion of Clay County, McCarthy, Brantner, Evert, Waller, Sethi, Jacobson, and Borgen, to Quash, and the Plaintiff's Motions are denied, except to the extent that we grant, in part, the Plaintiff's Motion to Compel the production of documents and tangible things.

## II. Factual Background

This is a gender discrimination action, in which the Plaintiff alleges that her former boss, Costello, as the Sheriff of Clay County, sexually harassed her while she was employed as an investigator by the Sheriff's Department. Costello denies the

allegations. The Plaintiff's employment with the Sheriff's Department began on November 14, 1995, when she was hired as a patrol officer. Thereafter, on June 28, 1997, she was transferred to the position of an investigator. The Plaintiff also alleges that, on July 26, 2001, she was constructively discharged from her employment with the Sheriff's Department. The Defendants Michael McCarthy, Ben Brunsvold, Casey Branter, Jerry Waller, Jon Evert, and Diane Meyer, served as Clay County Commissioners during the period that the Plaintiff alleges that she was harassed in her employment with that County. At all relevant times, the Defendant Vijay Sethi was the Clay County Administrator, that the Defendant Terry Jacobson was the Personnel Director of the County, and that the Defendant Lisa Borgen served as the County Attorney.

The Plaintiff asserts claims for gender discrimination, and retaliation, under Title VII of the Civil Rights Act of 1964; violations of the Equal Protection and Due Process Clause of the Fourteenth Amendment to the United States Constitution, under Title 42 U.S.C. §§1983 and 1988; unfair discriminatory practices, and reprisal, under the Minnesota Human Rights Act, Minnesota Statutes Section 363.01 et seq.; and common law claims for assault and battery, and the intentional infliction of emotional distress.

## III. Discussion

A. The Plaintiff's Motion to Amend her Complaint.

The Plaintiff requests leave to amend her Complaint in three respects: 1) she seeks to "clarify" her contentions by including additional allegations which, purportedly, are predicated on information obtained in the depositions taken to date; 2) she asks leave to delete the names of the individual Defendants, with the sole exception of Costello, from the caption of the case; and 3) she requests leave to plead a claim of punitive damages against Costello, and the County.

1. Standard of Review. The Plaintiff's Motion to Amend must be considered within the framework of Rule 16(b), Federal Rules of Civil Procedure." Alholm v. American Steamship Co., 167 F.R.D. 75, 77 (D. Minn. 1996). As we have recently reiterated:

> Rule 16(b), Federal Rules of Civil Procedure, provides that a Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The "good cause" standard is an exacting one, for it demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee Notes--1983 Amendment; see also, Julian v. Equifax Check Services, Inc., 178 F.R.D. 10, 16 (D. Conn. 1998). It hardly bears mention, therefore, that "carelessness is not compatiBLE with a finding of diligence and offers no reason for a grant of relief." Johnson v.

> Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Nor does the question of good cause turn on the existence or absence of prejudice to the non-moving party. Luigino's Inc. v. Pezrow Cos., 178 F.R.D. 523, 525 (D. Minn. 1998).

Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 631 (D. Minn. 2000), quoting Archer Daniels Midland v. Aon Risk Services, Inc., 187 F.R.D. 578, 581-582 (D. Minn. 1999); see also, Fabio v. Credit Bureau of Hutchinson, Inc., 210 F.R.D. 688, 691 (D. Minn. 2002).

Our application of Rule 16(b) is entirely consistent with Eighth Circuit authority.[1] As our Court of Appeals has most recently explained:

> It is true that the Federal Rules are usually liberally construed to permit parties to amend pleadings, add additional parties and to similarly control the pace of litigation. See, e.g., Hopkins v. Saunders, 199 F.3d 968, 974 (8th Cir.1999), cert. denied, 531 U.S. 873, 121 S.Ct. 176, 148 L.Ed.2d 121 (2000); Gray v. Bicknell, 86 F.3d 1472, 1481 (8th Cir. 1996). As regards case management orders, however, the Federal Rules set a less forgiving standard. Federal Rule of Civil Procedure 16(b) specifies that such an order "shall not be modified except upon a showing of good cause and by leave of the district judge." Thus, a moving party must first make the requisite showing. Even then the district court retains discretion as to whether to grant the motion. As a vehicle designed to streamline the flow of litigation through our crowded dockets, we

---

[1]Local Rule 16.3 serves to further reinforce the need for a party to show good cause, when seeking to extend the deadline for amending the pleadings. The Advisory Committee Notes to Local Rule 16.3 explain that the Rule is "* * * intended to discourage modifying pretrial schedules unless good cause has been shown." D. Minn. LR16.3, Advisory Committee Notes.

> do not take case management orders lightly, and will enforce them. In re Milk Prods. Antitrust Litig., 195 F.3d 430, 437 (8th Cir. 1999), cert. denied sub nom. Rainy Lake One Stop, Inc. v. Marigold Foods, Inc., 529 U.S. 1038, 120 S.Ct. 1534, 146 L.Ed.2d 348 (2000).

Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001).

As a consequence, "[w]e doubt that it can be seriously questioned that '[a]dherence to reasonable deadlines is * * * critical to maintaining integrity in court proceedings.'" Alholm v. American Steamship Co., supra at 79, quoting Rouse v. Farmers State Bank of Jewell, 866 F. Supp. 1191, 1199 (N.D. Iowa 1994).

2. Legal Analysis. In our Pretrial Order, which is dated May 8, 2002, the deadline by which "all Motions which seek to amend the pleadings or add parties must be filed and the Hearing thereon completed on or before **June 14, 2002**." See Docket No. 23 [emphasis in original]. The Plaintiff's Motion to Amend was filed on January 14, 2003, and the Hearing thereon was completed on January 30, 2003. Thus, the Plaintiff's Motion comes some seven months past the deadline and, consequently, is untimely in the extreme.

Moreover, the Plaintiff fails to demonstrate good cause to excuse the untimeliness of her Motion to Amend. See, Rule 16(b), Federal Rules of Civil Procedure. The Plaintiff has offered several arguments to suggest that cause exists to excuse her untimeliness, but those arguments fall well short of establishing good cause, as contemplated by the drafters of Rule 16. First, the

Plaintiff contends that the Court's Pretrial Order should be read to allow the addition of punitive damages at any time, but a plain reading of our Order should disabuse any objective reader of any such construction of its terms. In pertinent part, our Pretrial Order provides:

> That all Motions which seek to amend the pleadings or add parties must be filed and the Hearing thereon completed on or before **June 14, 2002.**

Docket No. 23 [emphasis in original].

The language is unambiguous, and contains no exceptions to the restriction that amendments to the pleadings are to be accomplished before June 14, 2002. To intimate that a Motion to plead a punitive damage claim is not a Motion to Amend a pleading is hyperfolly particularly where, as here, the Plaintiff has labeled her Motion as one to Amend her Complaint. See Docket No. 62.

Given the unequivocal language in our Pretrial Order, we reject the Plaintiff's assertion that other Magistrate Judges, within this District, permit late amendments to add punitive damage claims, as unconvincing. We have taken pains to explain our rationale for requiring timely Motions to Amend, specifically as to punitive damage claims, and our position on this issue has been long-held, and publicly professed. See, Fabio v. Credit Bureau of Hutchinson, Inc., supra at 690 n. 4; see also, Luigino's, Inc. v. Pezrow Companies, Inc., 178 F.R.D. 523, 525 (D. Minn. 1998); Ham-

mond v. Northland Counseling Center, Inc., 1998 WL 315333 at *11 (D. Minn., February 27, 1998). By Order dated November 6, 2002, we granted the Plaintiff's Motion to Amend the Pretrial Order, but as the Plaintiff knows, as it was she who crafted that Motion, which did not seek to alter, let alone extend, the deadline for amending the pleadings. See Docket No. 52.

For like reason, we reject the Plaintiff's final two good cause assertions. First, we do not find compelling the Plaintiff's argument that the delay in seeking leave for punitive damages lies with the Plaintiff's previous counsel who allowed the deadline to expire. Scheduling Orders would have no validity, if a change in Trial counsel, or in Trial strategies, were sufficient to undermine their proscriptive effect. Second, while the Plaintiff initially suggested that she had uncovered new evidence that prompted her effort to seek punitive damages, at the time of the Hearing, Plaintiff's counsel candidly conceded that the suggestion was not well-founded. Therefore, finding no cause -- much less good cause -- for the impermissible delay in the Plaintiff's effort to plead punitive damages, we deny that aspect of her Motion to Amend and we turn to her attempt at clarifying her claims through amendment, and of eliminating some of the individual Defendants from the caption of the case. While untimely, these amendments, at least arguably,

would not prejudice anyone, as would the addition of a punitive damages claim.

The Defendants oppose the Plaintiff's request to clarify as being little more than a subterfuge for the incorporation of salacious excerpts of information that she has garnered through discovery. Further, the Defendants contend that no clarification is needed, since the Plaintiff admits that the proposed amendment would not add any additional claims. In contrast, the Plaintiff notes that she would like to amend her prayers for relief by specifically requesting reinstatement, but she also concedes that, in her original Complaint, she had already requested the Court to provide such further, just and equitable relief, as the Court should deem appropriate, which would encompass the Plaintiff's request for reinstatement. Therefore, in addition to being untimely, this aspect of the Plaintiff's effort to amend her Complaint is denied as superfluous.

Similarly, the Plaintiff's effort to remove certain of the individual Defendants from the caption of this case does not require the amended pleading that the Plaintiff claims. The Defendants do not vigorously oppose this aspect of the Motion, but they urge that the same result could be better accomplished by the voluntary dismissal of those Defendants. The Plaintiff claims, however, that she could be prejudiced by such voluntary dismissals,

arguing that Clay County could assert that a dismissal of its agents would be a dismissal of the County. The Plaintiff offers no authority to substantiate that concern and, since the County is named separately as a Defendant, we see little cause for alarm that the dismissal of those Defendants who, individually, need not be named in the suit, will visit any prejudice upon the Plaintiff.

For his part, Brunsvold suggests that we apply, upon our own initiative, Rule 21, Federal Rules of Civil Procedure, so as to dismiss the individual Defendants from the action. As we have recognized, "'Rule 21 allows the court to dismiss parties "on such terms as are just, thus granting considerable discretion to the district court."'" Moubry v. Kreb, 58 F. Supp.2d 1041, 1048 (D. Minn. 1999), quoting Lenon v. St. Paul Mercury Ins. Co., 136 F.3d 1365, 1371 (10th Cir. 1998), quoting in turn, Jett v. Phillips and Associates, 439 F.2d 987, 989-90 (10th Cir. 1971); see also, Moore's Federal Practice §21.02[4] (3d Ed. 1997). As we also observed, however, "'Rule 21 of the Federal Rules of Civil Procedure is the proper vehicle for dismissing parties who were improperly joined -- either because they fail to satisfy any of the conditions of permissive joinder under Fed.R.Civ.P. 20(a) or because "no relief is demanded from * * * or no claim of relief is stated against [them]."'" Id. at 1047, quoting Vakharia v. Swedish Covenant Hosp., 765 F. Supp. 461, 472 (N.D. Ill. 1991), quoting in turn, 7

Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §1683 at 443-44; see also, American Fidelity Fire Ins. Co. v. Construcciones Werl, Inc., 407 F. Supp. 164, 190 (D.Vi. 1975). Moreover, in Krebs, we faced a starkly different procedural posture, explaining that, "[a]lthough the present Motion is framed as a Motion to Dismiss, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the substance of the State Defendants' challenge to their joinder in this action are more properly addressed by the application of Rule 21." Id. Here, in contrast, the Motion before us is a Motion by the Plaintiff to Amend her Complaint. Thus, we are not now presented with a direct challenge to the joinder of the individual Defendants, and the Plaintiff has alleged claims against them. Therefore, we find Rule 21 to be inapposite, and we leave the Plaintiff to voluntary dismissals of those Defendants she does not wish to pursue, rather than prolong the pretrial process by another wave of pleadings, and counter-pleadings. Accordingly, the Plaintiff's Motion to Amend her Complaint is denied.

B. The Plaintiff's Motion for a Change of Venue.

Although the Plaintiff frames her Motion as one to change the venue of the Trial, the Trial is properly venued in the District of Minnesota, and the Plaintiff's effort, more properly, may be viewed as seeking a change in the Division in which this action will be

tried. The District of Minnesota has six Divisions, only four of which are active. See Title 28 U.S.C. §103. The case is currently venued in the Sixth Division, which centers around the Federal Courthouse in Fergus Falls, Minnesota. The Plaintiff, however, would prefer a Trial in either Minneapolis, or St. Paul, Minnesota. In this District, the location of a Trial is determined by the geographic location where the Plaintiff resides. See, Order for Assignment of Cases (February 7, 2003). Here, the Plaintiff resides in the Sixth Division and, apart from a change in that venue, the case is properly assigned to the Federal Courthouse in Fergus Falls.

The Plaintiff predicates her request for a change in the location of any Trial on her perception that media coverage of the case will render an impartial Jury impossible. Yet, at the same time, the Plaintiff requests the Court to unseal the Record, thereby increasing the likelihood of the media coverage that the Plaintiff ostensibly disavows. Each side has submitted to the Court a volume of news articles, television news scripts, and related materials. Quite plainly, the case has generated much attention in the media, but we find no direct correlation between the media's interest in the case -- a quite legitimate interest -- and the need to transfer the Trial to either Minneapolis or St. Paul. The impartiality of the Jury Panel will be thoroughly

examined, through the voir dire process, irrespective of where the case will ultimately be tried.

Lastly, while we find no reason to change the venue of the Trial, much less a cogent one, we necessarily leave that decision to the Trial Court which is uniquely situated to appreciate the burdens on its calendar, and upon the witnesses, and parties, if the case is tried in any particular location. We merely hold that, based on the arguments, and showings of the parties, no change of Trial location is warranted.

C. The Plaintiff's Motion to Unseal the Record.

The Plaintiff seeks to lift the current Protective Order, in order to unseal the file.

1. Standard of Review. "Under the law of this Circuit, when a [] Court enters a Protective Order, it has, at least implicitly, recognized that unrestricted disclosure of the protected materials could 'unduly harm' the parties who are subject to the terms of that Order." Cordis Corp. v. SciMed Life Systems, Inc., 177 F.R.D. 651, 654 (D. Minn. 1997), citing Iowa Beef Processors, Inc. v. Bagley, 601 F.2d 949, 954 (8th Cir. 1979), cert. denied, 441 U.S. 907, 99 S.Ct. 1997, 60 L.Ed.2d 376 (1979). "As a consequence, before the Court may grant relief from the protections of a Confidentiality Order, it must receive assurances 'that intervening circumstances [have] obviated the potential prejudice' to the non-

moving party." Id., citing Iowa Beef Processors, Inc. v. Bagley, supra at 954; see also, Jochims v. Isuzu Motors, Ltd., 151 F.R.D. 338, 342 (S.D. Iowa 1993)("[W]hen an attempt is made to amend or lift that protection, there must be a showing that intervening circumstances have obviated or eliminated any potential prejudice to the protected party."). "Furthermore, Bagley's 'requirement of a showing of intervening circumstances implicitly places the burden of making the showing on the party seeking to amend or lift the protective order.'" Id., quoting Jochims v. Isuzu Motors, Ltd., supra at 342.

2. Legal Analysis. The Plaintiff has failed to show that good cause exists to unseal the Record, thereby altering the Protective Order to which the Plaintiff voluntarily agreed. The only argument advanced by the Plaintiff, for the relief she now requests, is couched in some vague notion that she would like to report certain of Costello's alleged transgressions to the authorities for further investigation. Those transgressions, however, are already under investigation. If there is some protected information which she feels obliged to report to law enforcement, or to other official investigators, she is positioned, in conjunction with her legal counsel, to address that matter with the Court, rather than seeking the blanket vitiation of the Protective Order. In the absence of a showing of good cause, we deny the Plaintiff's

Motion to unseal the Record, as well as the Defendants' Motions for further Protective Orders.

D. The Plaintiff's Motions to Compel.

The Plaintiff seeks to compel the production of documents and things from Clay County, to compel Costello to respond to Requests for Admissions, and to compel Costello to undergo an examination pursuant to Rule 35, Federal Rules of Civil Procedure. Clay County, McCarthy, Brantner, Evert, Waller, Sethi, Jacobson, and Borgen, also move to quash depositions which have been noted by the Plaintiff. We address each Motion in turn, commencing with the Plaintiff's Motion to Compel discovery from Clay County.

1. The Motion to Compel Clay County to Produce Documents and Things.

At the Hearing on the Motions, we made several rulings concerning the Plaintiff's discovery Motions and, therefore, we recite those rulings, now, to memorialize their terms. The Plaintiff's Request No. 3 is overly broad, and warrants no response. As to Request No. 15, the Plaintiff is entitled to the payroll records of the Sheriff's Department, but only as to jobs that she either held, or jobs for which she had applied.

Regarding Request No. 16, if there are particular records in the requested personnel files that are relevant, then specific requests can be made, but the entirety of the files should not be

disclosed. See e.g. Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 634 (D. Minn. 2000)(holding that "despite the liberality of discovery, we will remain reluctant to allow any party to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so" [internal quotations and citations omitted]); Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota, 187 F.R.D. 578, 589 (D. Minn.1999); Onwuka v. Federal Express Corp., 178 F.R.D. 508, 515 (D. Minn. 1997)(noting that "[t]he breadth of discovery concerning an employer's records is not unchartered waters, for the Supreme Court has acknowledged that, in Title VII cases, 'liberal civil discovery rules give plaintiffs broad access to document their claims,'" quoting Wards Cove Packing Co., Inc. v. Atonio, 490 U.S. 642, 657 (1989), citing Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991), "[n]evertheless, Courts have recognized that discovery, in the Title VII context, must be limited to the practices at issue in the case").

As to Request No. 17, only two incidents of sexual harassment have been uncovered by Clay County, neither of which bear any relationship to the Sheriff's Department. Further, one of the two incidents involved the sensitive issues that surround juvenile proceedings. Thus, the Motion to Compel is denied in this respect.

Clay County advises that it provided the Pladson Report to no one other than the Commissioners and, to the extent that counsel for Clay County disclosed the report to someone, that disclosure is protected work product. Thus, the Motion to Compel, as to Request No. 25, is denied.

The parties resolved the dispute involving Request No. 34 prior to the Hearing, but it was disclosed that Clay County has in its possession documents that it has promised to produce, but has not yet done so. Accordingly, we instructed the County to produce those documents forthwith, and we expect that, by the issuance of this Order, the County will have complied with that directive.

2. The Motion to Compel Discovery as to Costello.

The Plaintiff withdrew her objection to Costello's response to Request No. 2, leaving only the issue concerning her Requests for Admissions unresolved. As we expressed at the Hearing, provided that Costello responded to the Requests on the basis of what he said while on duty, at any location, then Costello's response was complete. What Costello may have said in the privacy of his home, or while off-duty, is irrelevant to this case. Thus, the Motion to Compel in this regard is denied.

As to the Plaintiff's Motion to Compel Costello to undergo a Rule 35 examination, we have previously ruled that Costello has

placed his back condition in controversy. See Docket No. 52. In our prior Order, which is dated November 6, 2002, we ruled:

> By every appearance, the allegation, to which Costello responded by alleging that his back injury prevented him from using force against the Plaintiff, was the contention that Costello forced the Plaintiff to have intimate relations with him in a hotel room in Marshall, Minnesota, -- an incident that the Plaintiff refers to as the "Marshall incident." As a consequence, Costello has placed into controversy his back at the time of the Marshall incident. The current condition of Costello's back has no relevance to this litigation and, therefore, we limit the scope of the disclosure, concerning Costello's back condition, to those records which pertain to Costello's alleged back condition from one year prior to the Marshall incident, until one year after the conclusion of the asserted physical relationship between the Plaintiff and Costello.

Docket No. 52.

A Rule 35 examination now, of Costello's back, would only reveal the current condition of his back which, as we previously held, has no relevance to this litigation.

The Plaintiff also contends that Costello put his complaint of "panic attacks" in controversy. We need not, however, reach that issue, as Costello represents that there are no relevant medical records that relate to that condition.[2] Nonetheless, in order to

---

[2] "[A]s a matter of practical reality, the Court must accept, at face value, a party's representation that it has fully produced all materials that are discoverable. See, Lumber v. PPG Indus-
(continued...)

maintain a "level playing field," at Trial, Costello may neither call a physician to testify on the present condition of his back, nor present medical evidence as to his purported "panic attacks." See O'Sullivan v. State of Minn., 176 F.R.D. 325, 327 (D. Minn. 1997). Accordingly, we deny the Plaintiff's Motion to Compel a Rule 35 examination of Costello.

E. The Motion of Clay County, McCarthy, Brantner, Evert, Waller, Sethi, Jacobson, and Borgen to Quash the Noticed Depositions.

In what is a stark departure from the terms of our Pretrial Order, "[t]hat no more than 20 depositions (excluding expert depositions) shall be taken by the Plaintiff," Docket No. 23, the Plaintiff took more than 20 depositions without leave of the Court. Now, the Plaintiff seeks to take ten, or more, additional depositions.

---

[2](...continued)
tries, Inc., 168 F.R.D. 641, 643 n. 1 (D. Minn. 1996). As we have stated elsewhere, "we have no means to test the veracity of such avowals, other than to appropriately sanction a recalcitrant party for failing to responsibly honor its discovery obligations." Id. It continues to be our view that the failure to produce evidence, without just cause, which is relevant within the context of Rule 26, Federal Rules of Civil Procedure, bears a close relationship to the "spoliation of evidence," and should be sanctioned accordingly. See, Id., citing, Sylla Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 280 (8th Cir. 1995), cert. denied, 516 U.S. 822 (1995); Dillon v. Nissan Motor Co., Ltd., 986 F.2d 263, 267 (8th Cir. 1993); SDI Operating Partnership, L.P. v. Neuwirth, 973 F.2d 652, 655 (8th Cir. 1992); Scout v. City of Gordon, 849 F. Supp. 687, 690-91 (D. Neb. 1994); Capallupo v. FMC Corp., 126 F.R.D. 545, 551 (D. Minn. 1989).

The fault in traversing our Pretrial Order does not rest solely on the Plaintiff, as the Defendants acquiesced in the taking of excessive depositions, and objected to the Plaintiff's attempt to take further depositions which may well have been prompted by information disclosed in the depositions that the Defendants allowed. As a consequence, we granted, in part, the Defendants' Motion to Quash, but we allowed the Plaintiff permission to take three additional depositions, which are not to last, in total, more than two additional days. In so doing, however, we note that, while the Plaintiff may select the deponents, she has made no preliminary showing that any of the proposed deponents were critical to her case.

F. Costello's Motion for Costs and Attorney Fees, and the Plaintiff's Motion to Hold the Defendants in Contempt of Court.

We find Costello's Motions for Costs and Attorney Fees, and the Plaintiff's Motion for a finding of contempt, to be so meritless as to require no more than their summary denial.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion to Amend the Complaint [Docket No. 62-3] is DENIED.

2. That the Plaintiff's Motion for a Change of Venue [Docket No. 62-6] is DENIED.

3. That the Plaintiff's Motion to Unseal the Record [Docket No. 62-5] is DENIED.

4. That Costello's Motions for Protective Orders [Docket Nos. 61-1 & 63-1] are DENIED.

5. That the Motion of Clay County, McCarthy, Brantner, Evert, Waller, Sethi, Jacobson, and Borgen for a Protective Order [Docket No. 65-2] is DENIED.

6. That the Plaintiff's Motion to Compel Discovery [Docket No. 62-2] is GRANTED, in part, and DENIED, in part.

7. That the Plaintiff's Motion to Compel an Independent Medical Examination [Docket No. 62-1] is DENIED.

8. That the Motion of Clay County, McCarthy, Brantner, Evert, Waller, Sethi, Jacobson, and Borgen to Quash [Docket No. 65-1] is GRANTED, in part, and DENIED, in part.

9. That Costello's Motions for Attorney Fees [Docket Nos. 61-2 & 63-2] are DENIED.

10. That the Plaintiff's Motion to Hold the Defendants in Contempt of Court [Docket No. 62-4] is DENIED.

11. That Costello's Motion for Costs [Docket No. 63-3] is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE