UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Court File No. 01-CV-2239 MJD-RLE

Kathleen Cline,

Plaintiff

v.

Clay County; Clay County Sheriff Larry Costello, in his individual and official capacity;

Defendants.

**STIPULATION OF DISMISSAL WITH PREJUDICE**

The undersigned attorneys hereby advise the Court that all of plaintiff's claims, in the above-entitled cause of action have been fully compromised and settled. Therefore,

IT IS HEREBY STIPULATED BY AND BETWEEN all the parties hereto, through their respective undersigned attorneys, that this entire lawsuit may be, and hereby is, dismissed on its merits and with prejudice, but without costs or disbursements to any of the parties. *

IT IS FURTHER STIPULATED, that without further notice, a Judgment of Dismissal with Prejudice and upon the merits of all of plaintiff's claims, without costs or disbursements to any of the parties, may be entered herein.

Dated: Sept 16, 03

NICHOLS KASTER & ANDERSON, PLLP

By ______________________
James Kaster, #53946
Attorney for Plaintiff
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 338-1919

Dated: September 10, 2003

RATWIK, ROSZAK & MALONEY

By ______________________
Ann R. Goering, #210699
Attorney for Costello
300 U.S. Trust Building
730 Second Avenue South
Minneapolis, MN 55402
(612) 339-0060

*The Settlement Agreement and Release of All Claims attached hereto as Exhibit A, and the Court's Orders dated November 6, November 8 and November 12, 2002, are adopted by reference.

FILED OCT - 3 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Dated: September 25, 2003

IVERSON REUVERS, LLC

By_______________________
Jon K. Iverson, #146389
Attorney for Clay County, et al.
230 Townline Plaza
8585 West 78th Street
Bloomington, MN 55438
(952) 548-7200

Kathleen Cline v. Clay County, et al., Civil No.: 01-2239 (MJD/RLE)

**ORDER**

The foregoing Stipulation, having been presented to the Court on behalf of the above parties,

IT IS HEREBY ORDERED That the above-entitled action against Clay County and Clay County Sheriff Larry Costello, in his individual and official capacity, and all other persons, are dismissed with prejudice and on the merits and without costs, attorney's fees or disbursements to any party, pursuant to Minn. Stat. § 466.08. The terms of the Settlement Agreement and Release of All Claims are approved. The Court's prior Protective Orders remain in place. Violations of the terms of the Protective Order may result in sanctions, contempt proceedings or a hearing on an Order to Show Cause.

LET A JUDGMENT OF DISMISSAL BE ENTERED ACCORDINGLY.

Dated this 2nd day of Oct., 2003.

BY THE COURT:

Michael J. Davis

Judge of U.S. District Court

# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

WHEREAS, Kathleen Cline (hereinafter "Cline") and her husband Michael Cline have reached an agreement to settle all conflicts and disputes existing between them and Clay County, Minnesota, (hereinafter "County") and Larry Costello (hereinafter "Costello") and terminate the employment relationship existing between Cline and the County;

NOW THEREFORE, in consideration of the mutual promises contained herein and other good and sufficient consideration, the undersigned agree as follow:

1. Kathleen Cline agrees that she will instruct her attorney to voluntarily dismiss her claims against Clay County and Larry Costello, with prejudice, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, currently pending in Federal District Court, District of Minnesota, in Cline v. Clay County and Costello, U.S. District Court File No. 01-CV-2239 MJD-RLE, which alleges certain acts or omissions on the part of the Defendants resulting in personal physical injury or personal physical sickness. She further agrees that she will instruct her attorney to voluntarily dismiss her appeal of Minnesota Department of Human Rights Charge, Ref. No. 40261, with prejudice, and the companion EEOC charge.

2. Cline's employment with Clay County was terminated, effective January 2, 2002. Attached is a true and correct copy of a letter that the County will provide to Kathleen Cline for use as an employment reference, the original version of which will be signed by Sheriff Bill Berquist. The County shall limit all other comment regarding Cline's employment to that classified as public, pursuant to the Minnesota Government Data Practices Act.

3. Cline and Michael Cline agree to waive all rights to reinstatement to any employment with Clay County and waive any and all grievances that do or may exist through any collective bargaining agreement or through any County policies or procedures.

4. Cline and her husband Michael Cline agree to refrain from making any application for employment with Clay County, at any time in the future. Kathleen Cline further agrees that she will not act as a volunteer on behalf of Clay County and shall not serve on any committees or boards of Clay County at any time, whether as a volunteer or for compensation, nor shall she accept any appointed positions on behalf of Clay County at any time.

5. Cline shall be paid the lump sum of three hundred twenty nine thousand six hundred twenty-nine ($329,629) dollars within thirty (30) days after the Clay County Board takes action to approve this Agreement and expiration of her right to rescind the Agreement pursuant to paragraph 10 below. The Agreement will be presented to the Board for consideration at its next regularly scheduled general

payment shall be made by the Minnesota Counties Insurance Trust (MCIT). These payments are for personal physical injury or personal physical sickness. The County makes no representations as to the tax implications of the payments to Kathleen Cline for these payments.

6. Periodic Payment; Consent to Qualified Assignment; and Purchase of Assets to Fund periodic Payments

A. Periodic Payments

The Minnesota Counties Insurance Trust hereby agrees to make periodic payments to Kathleen Cline as follows:

Monthly payments due on the 15th day of each and every month beginning on September 15, 2008 and continuing through and including the payment due on March 15, 2025. Said monthly payments shall begin in the amount of $2,500.00 and increase annually, on the anniversary date, at the rate of three percent (3.0%) per annum compounded annually. These payments are guaranteed; thus should the Payee (Kathleen Cline) die before March 15, 2025, then any remaining Periodic Payments shall instead be made, when due, to her estate or to such person or entity as shall be designated in writing by Kathleen Cline. If no person or entity is designated, or if the person designated is not living at the time of Kathleen Cline's death, such payments shall be made to the estate of Kathleen Cline. No such designation or any revocation thereof shall be effective unless it is in writing and delivered to MCIT or its assignee should an assignment be made. The designation must be in a form acceptable to MCIT or its assignee before such payments are made.

All payments set forth above constitute damages on account of personal physical injuries or physical sickness arising under the Complaint, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

B. Consent to Qualified Assignment

It is understood and agreed by and between Kathleen Cline and Minnesota Counties Insurance Trust ("MCIT") that MCIT may, as a matter of right and in MCIT's sole discretion, assign the duties and obligations as set forth herein with respect to the Periodic Payments to of Kathleen Cline under paragraph 6(A) to John Hancock Assignment Company (the "Assignee"), and that such assignment, if made, shall be accepted by Kathleen Cline without right of rejection and in full discharge and release of the duties and obligations of MCIT. In the event of such an assignment of the duties and obligations of MCIT as authorized above, the payments and rights of the parties shall conform to Section 130 of the Internal Revenue Code. If an assignment is made, MCIT shall be released from all such

future obligations and the Assignee shall at all times remain directly and solely responsible for the payment of all such sums and obligations.

C. Purchase of Assets to Fund Periodic Payments

To assure the ready availability to MCIT or the Assignee, should an assignment be made pursuant to paragraph 3 hereof, of the Periodic Payments payable under paragraph 6(A) of this Agreement, MCIT or the Assignee may, promptly upon the execution of this Agreement, purchase an annuity policy from John Hancock Life Insurance Company (the "Annuity Issuer") as sole owner. Kathleen Cline acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by Kathleen Cline or any designated payee; nor shall Kathleen Cline or any other designated payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise. The obligation of MCIT or of the Assignee to make each Periodic Payment shall be discharged upon the mailing of a valid check in the amount of such payment to the designated address of Kathleen Cline or her designated payee.

7. The law firm of Nichols, Kaster and Anderson, P.L.L.P, shall be paid the sum of two hundred eighty thousand dollars ($280,000) in attorneys' fees and the sum of seventy thousand dollars ($72,725) in costs and disbursements, to be paid by the Minnesota Counties Insurance Trust ("MCIT") within thirty (30) days after the expiration of Cline's right to rescind the Agreement pursuant to paragraph 10.

8. The law firm of Nilles, Hansen & Davies, Ltd., shall be paid the sum of one hundred ninety thousand ($190,000) in attorneys' fees to be paid by the Minnesota Counties Insurance Trust ("MCIT") within thirty (30) days after the expiration of Cline's right to rescind the Agreement pursuant to paragraph 10.

9. All parties to this action, attorneys of record, Michael Cline and other individuals having been given access to private or confidential data under the terms of the protective orders issued in this matter, shall remain bound by the terms of the protective orders in Cline v. Clay County and Costello, U.S. District Court File No. 01-CV-2239 MJD-RLE, District of Minnesota, issued on November 6, 2002, November 8, 2002 and November 12, 2002.

10. Kathleen Cline and Michael Cline on behalf of their heirs, successors or assigns, agree to and do hereby release, acquit and forever discharge the County and all current and former employees, officials, board members and agents of the County, and their heirs, successors, executors, administrators and assigns and Costello and his heirs, successors, executors, administrators and assigns (hereinafter "Released Parties") from any and all manner of action or actions, suits, damages, judgments, levies and executions, whether known or unknown, liquidated or unliquidated, fixed or contingent, which they ever had, have or ever can, shall or may have or claim to have against the County, Costello and the Released Parties, from any act

or thing occurring prior to or concurrent with the date of the execution of this document.

This Release of All Claims includes any and all claims arising out of or related to Kathleen Cline's and/or Michael Cline's employment, whether sounding in contract, tort or statute, including any discrimination or reprisal claims Kathleen or Michael Cline may have arising out of the acts or practices of the County, Costello or any of the Released Parties arising prior to or concurrent with the execution of the Release. Kathleen and Michael Cline understand that by signing this document, they are specifically waiving and releasing any claims they may have under the Minnesota Human Rights Act, Americans with Disabilities Act and the Age Discrimination in Employment Act, arising prior to or concurrent with the execution of this Release.

**Rescission of Release of Claims under the Minnesota Human Rights Act**

Kathleen and Michael Cline hereby expressly acknowledge that the County and Costello have informed them in writing of their right under Minn. Stat. § 363.031, to rescind this Release with respect to any charges or claims under Minnesota Human Rights Act which have not already been brought, within fifteen (15) calendar days of its signing.

Kathleen and Michael Cline understand that for the rescission to be effective, it must be delivered to Mr. Jon Iverson, Iverson Reuvers, LLC, 230 Townline Plaza, 8585 West 78th Street, Bloomington, MN 55438, personally or by United States mail within the 15-day period. If delivered by mail, the rescission must be postmarked within the 15-day period, properly addressed to Mr. Iverson, and sent by certified mail, return receipt requested.

**Rescission of Release of Claims under the Age Discrimination in Employment Act**

Kathleen and Michael Cline hereby expressly acknowledge that the County has informed them in writing of their right to review and consider this Settlement Agreement and Release of Claims for a period of twenty-one (21) days. If they sign this Settlement Agreement and Release of Claims before the twenty-one (21) days have elapsed from the date on which he first received a copy to review, they will be voluntarily waiving their right to the full twenty-one (21) day review period.

The County has also informed the Clines that after they sign this Settlement and Release of Claims they will have seven (7) days during which they may rescind their waiver of any claims arising out of the Age Discrimination in Employment Act.

Kathleen and Michael Cline understand that for the rescission to be effective, it must be delivered to Mr. Jon Iverson, Iverson Reuvers, LLC, 230 Townline Plaza, 8585 West 78th Street, Bloomington, MN 55438, personally or by United States mail within the 7-day period. If delivered by mail, the rescission must be postmarked within the 7-day period, properly addressed to Mr. Iverson, and sent by certified mail, return receipt requested

11. Pursuant to Minn. Stat. § 13.43, the specific reason for the County entering into this Agreement is to avoid the expense and uncertainly of litigation with Cline. The related Court costs and attorneys' fees could possibly meet or exceed the settlement amount authorized by the County and MCIT. Therefore, the Board feels that it is in the best interest of the County to enter into this Agreement

12. The parties expressly understand and agree that the settlement is made solely to avoid and settle litigation and is in compromise of disputed claims. The payment of the settlement does not constitute and shall not be construed or used in any manner as an admission of liability or wrongdoing by the County or any current or former agents, employees or officers of the County.

13. The parties shall each bear their own costs, disbursements and attorneys' fees.

14. All parties agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement, and which are not inconsistent with its terms, specifically with respect to the annuity payments set forth in paragraph 6.

15. By signing this Settlement Agreement and Release of All Claims, the parties hereto acknowledge and admit that they have read the Settlement and Release Agreement. They further acknowledge that they fully understand and agree to the terms and implications of the Agreement, and that they have been represented by legal counsel and have had a full opportunity to obtain such advice as necessary with respect to this Settlement and Release of All Claims set forth herein. The terms of this Release are contractual and not mere recitals, and set forth and constitute the entire agreement reached between the parties.

Dated: 9-12, 2003

Kathleen Cline [signature]
Kathleen Cline

Patricia R. Monson [signature]
Witness

Dated: 09.12-03, 2003

Michael Cline

Witness

Dated: 9/23, 2003

Robyn Sykes
Executive Director
Minnesota Counties Insurance Trust